JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL POLLO LOCO, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIK FOOD, INC., a California Corporation; IMTIAZ MALIK, an individual; SARFRAZ TAHIR MALIK, an individual; and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 8:21-cv-01676- DOC (JDEx)<br>*Hon. David O. Carter*<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**<br><br>Complaint filed:   October 8, 2021 |

Plaintiff El Pollo Loco, Inc. ("EPL") commenced this action by filing the Complaint against Defendants MIK Food, Inc. ("MIK"), Imtiaz Malik, and Sarfraz Tahir Malik (collectively, the "MIK Parties"). All parties have appeared and now agree to settlement of the action by stipulation and without further adjudication of any issue of fact or law.

-1-

THEREFORE, on the joint stipulation of EPL and the MIK Parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### FINDINGS OF FACT

1. On March 14, 2008, EPL and MIK entered into an El Pollo Loco® Franchise Agreement (the "Franchise Agreement") granting MIK the right to operate an El Pollo Loco® franchise at 2984 State Street in Santa Barbara, California (the "Restaurant"). [Dkt. No. 13-6, Exhibit 2]. Imtiaz Malik and Sarfraz Tahir Malik each signed a Guaranty Agreement expressly agreeing to guarantee the performance of MIK under the Franchise Agreement. [Dkt. No. 13-6, Exhibit 4].

2. On September 30, 2021, the Franchise Agreement expired, thereby terminating the MIK Parties' rights and ability to use EPL's name and other intellectual property in the operation of the Restaurant.

3. Nonetheless, the MIK Parties continued operating the Restaurant, in all outward respects, as an El Pollo Loco® restaurant.

4. On October 8, 2021, EPL initiated this action by filing a Complaint against the MIK Parties in the United States District Court for the Central District of California seeking damages and injunctive relief for breach of written contract, service mark infringement (under 15 U.S.C. § 1114), false designation (under 15 U.S.C. § 1125(A)), common law trademark infringement, unfair business practices, and unjust enrichment. [Dkt. No. 1].

5. This Court has subject matter jurisdiction over the parties and matter pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. Venue also is proper in this District.

6. On October 14, 2021, the Court granted EPL's *Ex Parte* Application and entered a Temporary Restraining Order ("TRO") enjoining the MIK Parties from holding themselves out as El Pollo Loco® franchisees, continuing to operate their Restaurant using the El Pollo Loco® name, marks, and trade dress, and infringing upon EPL's intellectual property rights. [Dkt. No. 16.] The TRO was converted into a Preliminary Injunction on November 1, 2021. [Dkt. No. 25.]

7. The parties now stipulate the following Judgment and Permanent Injunction:

## ORDER

### I. COMPLIANCE WITH THE POST-TERMINATION PROVISIONS OF THE FRANCHISE AGREEMENT

IT IS ORDERED, ADJUDGED AND DECREED that the MIK Parties and their officers, directors, principals, shareholders, agents, servants, managers, employees, attorneys, successors, assigns, affiliated entities, and all other persons in active concert or participation with any of them are hereby permanently enjoined from:

1. Using or displaying the El Pollo Loco® name, trademarks, services marks, trade dress, or other intellectual property (collectively, the "EPL Marks") for any purpose;
2. Using or displaying, in any manner, names, marks or logos that are confusingly similar to the EPL Marks;
3. Representing to the public, in any way, that the Restaurant is, or ever was, an authorized El Pollo Loco® restaurant or franchise;
4. Using, in any manner and for any purpose, directly or indirectly, the trade secrets and other proprietary information provided to the MIK Parties as a franchisee of the El Pollo Loco® system, including:
   i. Recipes;
   ii. El Pollo Loco® operations and training manuals and supplements thereto;
   iii. Brochures, posters, and other advertising materials; and
   iv. All items bearing or containing the EPL Marks, logotypes, designs and other confusingly similar identifying symbols and names.

### II. LEGAL FEES AND COSTS

IT IS FURTHER ORDERED that EPL is the prevailing party in this action. As the prevailing party, EPL is entitled to an award of reasonable attorney fees and costs

pursuant to paragraph 23.7 of the Franchise Agreement. No later than fourteen (14) days after the Court's entry of this Stipulated Judgment and Permanent Injunction, EPL may petition the Court for an award of attorney fees and costs incurred in this action and pursuant to Rule 54 of the Federal Rules of Civil Procedure.

### III.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purpose of enabling the parties to apply to the Court at any time for such further orders and directives as may be necessary or appropriate for the interpretation or modification of this Order, or for the enforcement of compliance therewith.

### IV.   FINAL JUDGMENT

1. The parties have represented to the Court that, with the assistance of their counsel, they have read the provisions of this Stipulated Judgment and Permanent Injunction and are prepared to abide by them.

2. This Stipulated Judgment and Permanent Injunction is a final judgment and order in this matter with respect to all claims by and between the parties.

3. This Court shall retain jurisdiction to enforce this Stipulated Judgment and Permanent Injunction.

4. EPL and the MIK Parties hereby waive all rights to appeal or otherwise challenge or contest the validity of this Stipulated Judgment and Permanent Injunction.

**IT IS SO ORDERED.**

Date:  December 21, 2021

*/s/ David O. Carter*
_____
Hon. David O. Carter
United States District Court Judge